## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

THE STANDARD FIRE     )
INSURANCE COMPANY,    )
          )
   Plaintiff,      )
          )
v.          )
          )   Case No.:  2:18-cv-01022-SGC
DONALD R. CARR, et al.,    )
          )
   Defendants.     )

### MEMORANDUM OPINION & ORDER[1]

Pending before the undersigned is an unopposed motion for summary judgment filed by defendant Wells Fargo Bank, National Association.  (Doc. 46; *see* Docs. 47-48).  Also pending before the undersigned is a motion to approve a proposed settlement between the plaintiff and defendant Donald R. Carr, filed by Michael K. Beard, who serves as Mr. Carr's appointed counsel and guardian *ad litem*.  (Doc. 48).  For the reasons discussed below, both motions are due to be granted and this action is due to be dismissed.

### I. Background

Mr. Carr owns a home in Adamsville, Alabama (the "Property").  (Doc. 46 at 2).  Standard Fire issued an insurance policy to Mr. Carr, providing coverage for

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Doc. 35).  Federal subject matter jurisdiction in this action is based on diversity of citizenship.  (Doc. 1).

fire damage sustained by the Property and its contents (the "Insurance Policy").
(*Id.* at 3).  Wells Fargo Bank, National Association, holds a mortgage secured by
the Property (the "Mortgage").  (*Id.* at 2).

A fire occurred at the Property on February 19, 2016.  (*Id.* at 4).  According
to Standard Fire, Donna K. McCullars, acting under a power-of-attorney granted
her by Mr. Carr, submitted one or more claims under the Insurance Policy on Mr.
Carr's behalf for damage to the Property and personal property belonging to her
and Steve A. Millwood, allegedly located within the Property.  (Doc. 1).[2]  Wells
Fargo also submitted a claim to Standard Fire for damage to the Property.  (Doc.
46 at 5).  Faced with competing claims to proceeds of the Policy, Standard Fire
interpleaded the sum of $27,657.73, which represents the amount required to pay
off the Mortgage, pursuant to 28 U.S.C. § 1335.  (Docs. 1, 5, 11, 13).

Standard Fire also seeks declarations regarding coverage due Mr. Carr, Ms.
McCullars, and Mr. Millwood under the Insurance Policy, based in part on
misrepresentations made regarding the personal property alleged to have been
damaged by the fire.  (Doc. 1).  According to Standard Fire, much of the personal
property belonging to Ms. McCullars and Mr. Millwood had been removed from
the Property or sold before the fire.  (*Id.*).  Ms. McCullars and Mr. Millwood were
each indicted by the Jefferson County, Alabama Grand Jury on one count of arson

---

[2] Ms. McCullars represented to the undersigned that Mr. Carr adopted and raised her from birth.
Mr. Millwood is or was married to Ms. McCullars.

and one count of insurance fraud related to the fire. *See State of Alabama v. Millwood*, 01-CC-2016-003670.00 at Doc. 2; *State of Alabama v. McCullars*, 01-CC-2016-003671.00 at Doc. 2. Since Standard Fire brought suit in this district court, Ms. McCullars and Mr. Millwood have pleaded guilty to the insurance fraud charges, and the arson charges have been dismissed. *See State of Alabama v. Millwood*, 01-CC-2016-003670.00 at Doc. 70; *State of Alabama v. McCullars*, 01-CC-2016-003671.00 at Docs. 39; 47.

The undersigned appointed Mr. Beard to serve as counsel and guardian *ad litem* for Mr. Carr after determining Mr. Carr is not capable of protecting his interests in this action. (Docs. 32, 41). Mr. Beard, on behalf of Mr. Carr, has asserted a counterclaim against Standard Fire, alleging any wrongful acts committed by Ms. McCullars and Mr. Millwood should not be imputed to Mr. Carr and that as an innocent insured Mr. Carr is entitled to benefits recoverable under the Insurance Policy. (Doc. 40).

## II. Relevant Procedural History

Ms. McCullars and Mr. Millwood, proceeding *pro se*, appeared in this action initially but subsequently failed to appear at multiple settings where their presence was required. These failures are documented in an order dated January 24, 2019. (Doc. 41). That order advised Ms. McCullars and Mr. Millwood their failure to appear at future settings could result in their dismissal from this action without

further notice. (*Id.*). Orders entered in this action have been sent to Ms. McCullars and Mr. Millwood through both the United States Postal Service and e-mail. The physical address and e-mail addresses to which orders have been sent were provided to the court by Ms. McCullars and Mr. Millwood.[3] The undersigned has confirmed the accuracy of the addresses on multiple occasions and also confirmed that e-mail is the best way to deliver notices regarding this case to Ms. McCullars and Mr. Millwood.

Ms. McCullars and Mr. Millwood have failed to participate in these proceedings beyond failing to appear at settings in the case. Neither of these defendants participated in the planning meeting conducted pursuant to Rule 26 of the *Federal Rules of Civil Procedure*, (Doc. 44 at 1), or responded to Wells Fargo's motion for summary judgment (Doc. 47).[4]

The motion for summary judgment filed by Wells Fargo and the motion for approval of a proposed settlement filed on Mr. Carr's behalf were set for hearing on August 20, 2019. (Doc. 49). Each party was required to attend the hearing through counsel or, if not represented by counsel, on his or her own behalf. (*Id.*). The parties were also warned the consequence of a failure to appear ***would*** be dismissal from this action without further notice. (*Id.*). The hearing was reset for

---

[3] Ms. McCullars and Mr. Millwood provided the same physical address.
[4] Likewise, neither Standard Fire nor Mr. Carr responded to Wells Fargo's motion for summary judgment. (Doc. 47).

Monday, September 9, 2019, after Mr. Beard informed the undersigned Mr. Carr was unable to be present on August 20, 2019 for health reasons. (Doc. 50). The parties were again reminded attendance at the hearing was required and that failure to attend ***would*** result in dismissal without further notice. (*Id.*). The order resetting the hearing was served on Ms. McCullars and Mr. Millwood via Certified Mail and e-mail at the addresses provided by these defendants. (*Id.*). The court received a return receipt for the order sent to Mr. Millwood by Certified Mail. (Doc. 51). The order sent to Ms. McCullars by Certified Mail was returned to the court as undeliverable on the date of the hearing. (Doc. 52).

On the morning of the hearing, which was scheduled to begin at 10:00 A.M., the undersigned received a phone call from Mr. Beard, stating he had just learned from Ms. McCullars that Mr. Carr had been hospitalized over the weekend and would not be able to attend the hearing. Ms. McCullars and Mr. Millwood did not attend the hearing, either.

## III. Wells Fargo's Motion for Summary Judgment

### A. Facts[5]

Wells Fargo seeks entry of judgment in its favor based on the terms of the Insurance Policy and the Mortgage. (Doc. 46). The Insurance Policy provides, "If a mortgagee is named in this policy, any loss payable under Coverage A or B shall be paid to the mortgagee and [the mortgagor/insured], as interests appear." (*Id.* at 3).[6] It identifies Wells Fargo as the first and only mortgagee. (*Id.* at 4).

The Mortgage provides that insurance proceeds "shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and [Wells Fargo's] security interest is not lessened," but that "[i]f the restoration or repair is not economically feasible or [Wells Fargo's] security would be lessened, the insurance proceeds shall be applied to the sums secured [under the Mortgage], whether or not then due, with the excess, if any, paid to [Mr. Carr]." (*Id.* at 3). The Mortgage also gives Wells Fargo the right of foreclosure upon the

---

[5] Given no party responded to Wells Fargo's motion for summary judgment, the facts identified by Wells Fargo as undisputed are deemed admitted. *See Moore v. Jimmy Dean / Sara Lee Foods, Inc.*, 2007 WL 9711997, at *1 (N.D. Ala. May 11, 2007) (holding that by failing to respond to defendant's motion for summary judgment, *pro se* plaintiff was deemed to have admitted each of defendant's allegations of undisputed fact). Nonetheless, the undersigned has confirmed these facts are supported by the evidence of record, viewing that evidence in the light most favorable to the non-movants and giving the non-movants the benefit of reasonable inferences. *See id.* (doing the same); *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Florida*, 363 F.3d 1099, 1101-02 (11th Cir. 2004) (holding district court cannot grant summary judgment by default but, rather, must consider whether motion is supported by evidence and otherwise meritorious).

[6] Coverage A pertains to the Property. (Doc. 46-3 at 19).

breach of any term, including the obligation to make loan payments when due. (*Id.* at 5). Mr. Carr defaulted on the Mortgage after the fire by failing to make payments owed. (Doc. 46 at 5; Doc. 46-2 at 42-46). The amount required to pay off the Mortgage at the time of the fire was $27,657.73 (Doc. 46 at 5).

### B. Standard of Review

Under Rule 56 of the *Federal Rules of Civil Procedure*, "[t]he [district] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of informing the district court of the basis for its motion and identifying those portions of the record the party believes demonstrate the absence of a genuine dispute as to a material fact. *Celotex Corp.*, 477 U.S. at 323. If the moving party carries its initial burden, the non-movant must go beyond the pleadings and come forward with evidence showing there is a genuine dispute as to a material fact for trial. *Id.* at 324.

The substantive law identifies which facts are material and which are irrelevant. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.* at 248. If the evidence is merely colorable or not significantly probative, summary judgment is

appropriate. *Id.* at 249-50 (internal citations omitted). All reasonable doubts about the facts should be resolved in favor of the non-movant, and all justifiable inferences should be drawn in the non-movant's favor. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Florida*, 363 F.3d at 1101. A district court does this by ensuring the motion is supported by evidentiary materials and that the standard for granting summary judgment is otherwise satisfied. *Id.* at 1101-02.

### C. Discussion

By interpleading the sum of $27,657.73, Standard Fire admitted it owes these funds to a third party. *See Gilbert v. Cong. Life Ins. Co.*, 646 So. 2d 592, 594 (Ala. 1994) ("By initiating an interpleader action, the stakeholder is admitting that it holds funds that are not its own, but says that it owes those funds to an undetermined party."); *Rush v. MetLife Bank, Nat. Ass'n*, 2012 WL 5511043, at *4 (N.D. Ala. Nov. 9, 2012) (quoting *Gilbert*). The question is which of the defendants has the superior claim to the interpleaded funds.

The above-quoted language contained in the Insurance Policy "is commonly known as a 'union,' 'standard,' or 'New York' mortgage clause." *Standard Fire*

*Ins. Co v. Knowles*, 129 F. Supp. 3d 1271, 1278 (N.D. Ala. Sept. 15, 2015) (citing *Smith v. Aetna Ins. Co.*, 410 So. 2d 11, 12 (Ala. 1981); *Norwest Mortgage v. Nationwide Mut. Fire Ins. Co.*, 718 So. 2d 15, 17 (Ala. 1998)). " '[U]nder Alabama law, [such a clause] constitutes a separate contract between a mortgagee and an insurer.'" *Id.* (quoting *Norwest Mortgage*, 718 So. 2d at 17). "Said another way, the clause 'operates to create a separate and independent insurance of the mortgagee's interest in the property.'" *Id.* (quoting *Smith*, 410 So. 2d at 12). "As to between the mortgagor/insured and the mortgagee, '[t]he mortgagee has the first right to the insurance proceeds to the extent of the amount owing it by the insured, not exceeding the total liability of the insurer under the policy; and the insured is entitled to the balance of the amount of such liability.'" *Id.* (quoting *Alabama Farm Bureau Mut. Cas. Ins. Co. v. Williams*, 530 So. 2d 1371, 1374 (Ala. 1988)).

Because the Insurance Policy includes the type of clause discussed above and identifies Wells Fargo as the first and only mortgagee, Wells Fargo is entitled to the proceeds due under the policy to the extent of Mr. Carr's remaining debt on the Mortgage. The amount required to pay off the Mortgage at the time of the fire was $27,657.73. Because this is the same sum that Standard Fire interpleaded, Wells Fargo is entitled to the funds in their entirety.

Wells Fargo is also entitled to the interpleaded funds pursuant to the terms of the Mortgage. The term "economically feasible" in a mortgage has been

interpreted to mean economically reasonable or practicable. *See Vongohren v. Citimortgage, Inc.*, 2016 WL 739070, at *4 (D. Md. Feb. 25, 2016). Courts have held that when a borrower is in default it is not economically feasible for a lender to repair property in lieu of applying insurance proceeds to the outstanding loan balance and that to require otherwise would lessen the lender's security interest. *See, e.g., Everidge v. Wells Fargo Bank*, 2015 WL 5786738, at *17 (M.D. Ga. Sept. 29, 2015) (explaining that " '[i]f [Wells Fargo] had permitted the insurance proceeds to be used for reconstruction, it would have had to part with the security of the cash payment already on hand, and would have had to defer indefinitely, until construction was completed, its right to foreclose on the security of the real property, both of which changes in its position would have constituted an impairment of its security as a matter of law'") (quoting *Ford v. Mfrs. Hanover Mortg. Corp.*, 831 F.2d 1520, 1524 (9th Cir. 1987), *aff'd sub nom. Everidge v. Wells Fargo Nat'l Ass'n*, 654 F. App'x 479 (11th Cir. 2016). Accordingly, Wells Fargo's motion for summary judgment (Doc. 46) is due to be granted, and the interpleaded funds are due to be paid to Wells Fargo in their entirety.

## IV. Proposed Settlement Between Standard Fire and Mr. Carr

"The general rule is that a court must give approval to a settlement when a minor child or incapacitated person is involved." *Rivera v. Fast Eddie's, Inc.*, 2013 WL 12164682, at *1 (D.N.M. Mar. 18, 2013) (collecting authority), *report*

*and recommendation adopted*, 2013 WL 12164756 (D.N.M. Mar. 19, 2013); *see also Eagan by Keith v. Jackson*, 855 F. Supp. 765, 775-76 (E.D. Pa. 1994) (determining source of court's authority and, furthermore, obligation to approve proposed settlement is court's "inherent duty to protect the interests of minors and incompetents that come before it"). The standard for approval is whether the proposed settlement is in the best interests of the minor child or incapacitated person. *See Large v. Hayes by and through Nesbitt*, 534 So. 2d 1101, 1105 (Ala. 1988) (holding court must determine whether settlement is in best interests of minor before approving proposed settlement).

Under the terms of the proposed settlement, Standard Fire would pay to Mr. Carr the sum of $56,729.00, and Mr. Carr would waive any claim to the interpleaded funds. (Doc. 48). This would resolve Standard Fire's claims against Mr. Carr and Mr. Carr's counterclaim against Standard Fire. (*Id.*). The undersigned heard from Mr. Beard, on Mr. Carr's behalf, during the September 9, 2019 hearing. Mr. Beard explained the remaining benefits payable under the Policy, less Wells Fargo's mortgage, equals approximately $66,000.00. The proposed recovery by Mr. Carr would amount to approximately 85% of these benefits. Mr. Beard stated that given Standard Fire has at least a colorable argument wrongful acts committed by Ms. McCullars should be imputed to Mr. Carr under an agency theory, he believes the terms of the proposed settlement are

favorable to Mr. Carr.  He recommends approval of the proposed settlement to the undersigned without reservation, provided that a conservator be appointed to manage the settlement funds on Mr. Carr's behalf.

Based on Mr. Beard's presentation during the September 9, 2019 hearing, the undersigned finds the proposed settlement is reasonable and in Mr. Carr's best interests, provided a conservator is appointed to manage the settlement funds on Mr. Carr's behalf.  The undersigned bases this condition of approval on Mr. Beard's recommendation and her own observations of Mr. Carr during a November 1, 2018 status conference.  During the September 9, 2019 hearing, Mr. Beard indicated his willingness to seek appointment of a conservator to manage the settlement funds on Mr. Carr's behalf, and the undersigned will commit this task to his charge.  The undersigned has previously ordered Standard Fire to bear the reasonable fees and expenses incurred by Mr. Beard, as Mr. Carr's counsel and guardian *ad litem* (Docs. 32, 41), and considers the fees and expenses incurred by Mr. Beard in securing a conservator to come within the scope of those orders.[7]

## V. Ms. McCullars' and Mr. Millwood's Failure to Participate

"Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir.

---

[7] To the extent there is any dispute regarding the fees and expenses owed by Standard Fire to Mr. Beard, the undersigned retains jurisdiction to resolve the dispute.

2002) (quoting *Malautea v. Suzuki Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993)). "A court may appropriately sanction a party or attorney who 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'" *Malautea*, 987 F.2d at 1545-46 (quoting *Hutto v. Finney*, 437 U.S. 678, 689 (1978)); *see also Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) ("The key to unlocking a court's inherent power is a finding of bad faith.").

In addition to this inherent authority, Rule 16 of the *Federal Rules of Civil Procedure* authorizes a court to enter a default judgment against a party *sua sponte*, if the party fails to appear at a pretrial conference or fails to obey a pretrial order. *See* FED. R. CIV. P. 16(f)(1)(A) and (C) (permitting sanctions authorized by Fed. R. Civ. P. 37(b)(2)(A)(ii) – (vii)); FED. R. CIV. P. 37(b)(2)(A)(vi) (authorizing entry of default judgment as sanction). Rule 16(f) sanctions "were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Imposition of a default judgment sanction requires a finding that a party's failure to comply with a court order was willful or in bad faith. *Malautea*, 987 F.2d at 1532. Moreover, this sanction "is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.*

The record in this case clearly demonstrates on the part of Ms. McCullars and Mr. Millwood willful noncompliance with court orders and a general unwillingness to participate in this case in any meaningful way. Notwithstanding orders requiring their presence, they have failed to appear at multiple settings in this case, and they otherwise have not prosecuted their claim to the interpleaded funds or defended against Standard Fire's allegations against them. (*See* Docs. 41; Doc. 44 at 1; Doc. 47). Most recently, Ms. McCullars and Mr. Millwood failed to appear at the September 9, 2019 hearing or advise the court they would not be able to attend. The undersigned is satisfied these defendants were aware of the hearing. The court received a Certified Mail return receipt for the order sent to Mr. Millwood. (Doc. 51). Although the order sent to Ms. McCullars by Certified Mail was returned to the court as undeliverable (Doc. 52), the order was also sent to Ms. McCullars by e-mail. The undersigned has previously confirmed the accuracy of Ms. McCullars' e-mail address of record and that e-mail is the best way to deliver notices regarding this case to her. (*See* Doc. 41). Moreover, the fact that Ms. McCullars contacted Mr. Beard on the morning of the hearing to let him know Mr. Carr would not be able to attend clearly demonstrates she was aware of the setting. Ms. McCullars and Mr. Millwood were aware not only of the setting but also of the consequences of failing to appear at the setting. (*See* Docs. 41, 49, 50). Based on these facts, the undersigned finds the inconsistent participation of Ms. McCullars

and Mr. Millwood in this action and the non-compliance of these defendants with court orders has been deliberate and in bad faith.

The undersigned also finds a sanction short of default judgment would not serve the interests of justice. The undersigned has on multiple occasions pressed upon Ms. McCullars and Mr. Millwood the consequences of failing to appear at settings in this case. (Docs. 41, 49, 50). The dismissal of these defendants from this action would have resulted in the effective forfeiture of their claims to the interpleaded funds. Dismissal is no longer an available sanction, given the undersigned has determined Wells Fargo has the superior claim to the interpleaded funds. Defaults judgments would operate in a way similar to dismissal to the extent they would result in declarations Standard Fire owes no coverage for Ms. McCullars' and Mr. Millwood's personal property alleged to have been damaged by the fire. In other words, just as dismissal would have resulted in no recovery by Ms. McCullars or Mr. Millwood, the same is true with the entry of default judgments. Given the threat of dismissal was not sufficient to motivate the attendance of Ms. McCullars or Mr. Millwood, there is no realistic possibility a sanction less than the entry of default judgments against these defendants would achieve a better result. Standard Fire and the court would be left to expend valuable resources resolving claims against non-participating litigants. Accordingly, the undersigned will enter defaults judgments against Ms. McCullars

and Mr. Millwood on Counts II, III, and V of the complaint, pursuant to the court's inherent authority and Rule 16(f).[8]

In doing so, the undersigned is mindful that regardless of a party's misconduct justifying sanctions, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 (11th Cir. 1997). The undersigned has reviewed the complaint and determined Counts II, III, and V states viable causes of action against Ms. McCullars and Mr. Millwood.

Count II of the complaint seeks a declaration the Insurance Policy provides no coverage for any damage sustained to Mr. Millwood's personal property. (Doc. 1). Count III of the complaint seeks a declaration the Insurance Policy provides no coverage for any damage sustained to Ms. McCullar's personal property. (*Id.*). In support of these counts, Standard Fire alleges the Insurance Policy defines an "insured" as a relative that resides in Mr. Carr's home, that Mr. Millwood was not related to Mr. Carr at the time of the fire, and that Ms. McCullars did not reside in

---

[8] In addition to a sanction imposed under Rule 16(f)(1), a court is required to order the non-compliant party to pay the reasonable expenses, including attorneys' fees, incurred because of the party's misconduct, unless that misconduct "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). While the conduct of Ms. McCullars and Mr. Millwood was not substantially justified, the undersigned finds an award of expenses to Standard Fire would be unjust. Notwithstanding Ms. McCullars' and Mr. Millwood's lack of participation in these proceedings, Standard Fire's participation has not been futile given it has been able to settle its dispute with Mr. Carr.

Mr. Carr's home at the time of the fire. (*Id.*).[9]  Additionally, Standard Fire alleges that by the terms of the Insurance Policy, personal property belonging to "others" or "guests" is not covered unless a request for such coverage is made to Standard Fire prior to a loss and that no such request was made in this case. (*Id.*).  These allegations are sufficient to establish an actual controversy between Standard Fire, on the one hand, and Ms. McCullars and Mr. Millwood, on the other, and, assuming their truth, entitle Standard Fire to the relief it seeks.  *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999) (holding that to state a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, the facts alleged must demonstrate an "actual controversy," meaning "a substantial continuing controversy between two adverse parties"); *Safeway Ins. Co. of Alabama v. Herrera*, 912 So. 2d 1140, 1143 (Ala. 2005) ("General rules of contract law govern an insurance contract.").

Count V of the complaint seeks a declaration there are alternative grounds on which Standard Fire owes no coverage to Ms. McCullars and Mr. Millwood. (Doc. 1).  In support of this count, Standard Fire alleges the Insurance Policy requires an insured to sit for an examination under oath as a condition precedent to coverage and that Ms. McCullars and Mr. Millwood refused to do so. (*Id.*).  These allegations are likewise sufficient to establish an actual controversy between

---

[9] According to Standard Fire, Mr. Millwood stayed at Mr. Carr's home on occasion. (Doc. 1).

Standard Fire, on the one hand, and Ms. McCullars and Mr. Millwood, on the other, and assuming their truth, entitle Standard Fire to the relief it seeks. *See Malowney*, 193 F.3d at 1347 (discussed *supra*); *Herrera*, 912 So. 2d at 1143 (discussed *supra*); *Baldwin Mut. Ins. Co. v. Adair*, 181 So. 3d 1033, 1045 (Ala. 2014) (holding insured must comply with post-loss obligations when making claim and meeting those obligations is precondition to insurer's duty to make loss payment); *Nationwide Ins. Co. v. Nilsen*, 745 So. 2d 264, 267 (Ala. 1998) (same).

## VI. Conclusion

For the foregoing reasons, the undersigned **ORDERS** as follows: Wells Fargo's motion for summary judgment (Doc. 46) is **GRANTED**, and the Clerk is **DIRECTED** to pay the entirety of the interpleaded funds ($27,657.73) to Wells Fargo.

The motion seeking approval of the proposed settlement between Standard Fire and Mr. Carr (Doc. 48) is **GRANTED**, and the proposed settlement is **APPROVED**, subject to the condition that a conservator be appointed to manage the settlement funds on Mr. Carr's behalf. Standard Fire is **DIRECTED** to deposit the settlement funds with the registry of the court within thirty (30) calendar days. The Clerk is **DIRECTED** to hold these funds in an interest-bearing account for the benefit of Mr. Carr pending appointment of a conservator to manage the funds on Mr. Carr's behalf. Mr. Beard is **DIRECTED** to seek appointment of such

conservator and to file a notice in this action upon appointment of such conservator.[10]

Finally, as sanctions for their failure to comply with court orders and otherwise participate in these proceedings, **DEFAULT JUDGMENTS** are **GRANTED** against Ms. McCullars and Mr. Millwood on Counts II, III, and V of Standard Fire's complaint, to the extent the undersigned **DECLARES** Standard Fire owes no coverage to these defendants under the Insurance Policy.

A separate final order will be entered.

**DONE** this 18th day of September, 2019.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

---

[10] The undersigned also retains jurisdiction pertaining to payment of Mr. Carr's settlement funds upon a conservator being secured.